IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ROGELIO CRUZ-SONSUARIO,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND CORRECTION OF SENTENCE<br><br><br>Case No. 2:14-CR-594 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Luis Rogelio Cruz-Sonsuario's Motion for Reconsideration and Correction of Sentence. For the reasons discussed below, the Court will deny Defendant's Motion.

I.  BACKGROUND

On November 25, 2014, Defendant was charged in a felony information with reentry of a previously removed alien in violation of 8 U.S.C. § 1326. The government filed a Notice of Sentencing Enhancement based on Defendant's prior felony convictions for aggravated assault. Defendant pleaded guilty on January 29, 2015.

The Presentence Report prepared in this matter included a 16-level enhancement under United States Sentencing Guideline ("USSG") § 2L1.2(b)(1)(A)(ii) because Defendant was deported after a conviction for a felony that is a crime of violence. This enhancement was based on Defendant's two prior aggravated assault convictions and resulted in a guideline range of 46 to 57 months.

1

Defendant objected to the enhancement on January 14, 2015, arguing that under *United States v. Leal-Rax*,[1] a case from the Fifth Circuit Court of Appeals, his prior convictions for aggravated assault were not crimes of violence.  The government responded to Defendant's objection on January 29, 2015, arguing that *Leal-Rax* was distinguishable because it analyzed a different version of Utah's aggravated assault statute and because the court did not apply the modified categorical approach.

The Court proceeded to sentencing on February 2, 2015.  At sentencing, for the first time, the government provided plea documents from Defendant's underlying state court convictions to support its argument that Defendant's aggravated assault convictions were crimes of violence.  After hearing from the parties, the Court agreed that the 16-level enhancement was properly applied.  The Court ultimately varied downward and imposed a sentence of 36 months' imprisonment.  Defendant filed the instant Motion on February 3, 2015.

## II.  DISCUSSION

Federal Rule of Criminal Procedure 35 provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Defendant appears to argue that the Court's imposition of the 16-level enhancement in this case was clearly erroneous.

USSG § 2L1.2(b)(1)(A)(ii) calls for a 16-level enhancement if a defendant was deported after a conviction for a felony that is a crime of violence.  Application Note 1(B)(iii) states that a "crime of violence" includes certain enumerated offenses, including "aggravated assault," "or any other offense under federal, state, or local law that has as an element the use, attempted use,

---

[1] ---F. App'x---, 2014 WL 6844927 (5th Cir. Dec. 5, 2014).

2

or threatened use of physical force against the person of another." "A felony conviction qualifies as a crime of violence if either (1) the defendant was convicted of one of the twelve enumerated offenses; or (2) the use, attempted use, or threatened use of physical force was an element of the offense."[2]

"In determining whether a prior conviction is a crime of violence, courts employ a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions."[3] "If the statute is ambiguous, however, or broad enough to encompass both violent and nonviolent crimes, a court can look beyond the statute to certain records of the prior proceeding, such as to charging documents, the judgment, and the terms of a plea agreement or transcript of colloquy between judge and defendant" to determine whether the prior conviction warrants an enhancement.[4] This approach is referred to as the modified categorical approach.[5]

> The Tenth Circuit has stated that proper scope of the modified categorical approach
>
> depends on whether the prior conviction is evaluated as a crime of violence under the Guideline's "as an element" language or the list of enumerated offenses. If the former, the modified categorical approach has a narrow application; judicial records may be consulted only to determine which part of the statute was charged against the defendant and, thus, which portion of the statute to examine on its face. If the latter, the modified categorical approach has a broader application; a sentencing court may look beyond the face of the statute of conviction and

---

[2] *United States v. Rivera-Oros*, 590 F.3d 1123, 1126 (10th Cir. 2009).

[3] *United States v. Antonio-Agusta*, 672 F.3d 1209, 1212 (10th Cir. 2012) (internal quotation marks omitted).

[4] *Id.* (internal quotation marks omitted).

[5] *Id.*

3

ascertain whether the jury necessarily had to find, or the defendant necessarily admitted, facts that would also satisfy the definition of an enumerated offense.[6]

The Supreme Court recently clarified that the modified categorical approach is to be used only in cases involving divisible statutes.[7] The Tenth Circuit, interpreting *Descamps*, has stated that

> [t]he Court did not . . . suggest in any way that it was retreating from its application of that approach in previous cases: When a statute defines the offense "alternatively, with one statutory phrase corresponding to the generic crime and another not," courts may examine documents such as an indictment or plea agreement to determine "which statutory phrase was the basis for the conviction."[8]

Defendant's Motion and the government's response thereto apply different approaches to the issue before the Court. Defendant's Motion focuses his discussion on which portion of Utah's aggravated assault and assault statute he admitted violating, while the government argues that the plea documents demonstrate that Defendant admitted to conduct that would constitute a violation of the generic crime of aggravated assault. Defendant takes issue with the government's approach, asserting that it misapplies the modified categorical approach. The Court ultimately need not resolve this dispute. Even applying the approach espoused by Defendant, his convictions qualify for an enhancement, as discussed below.

Defendant has two prior felony convictions for aggravated assault under Utah law. Utah's aggravated assault statute provides that "[a] person commits aggravated assault if the person commits assault as defined in Section 76-5-102 and uses: (a) a dangerous weapon as

---

[6] *United States v. Martinez-Zamaripa*, 680 F.3d 1221, 1223 (10th Cir. 2012) (internal citations and quotation marks omitted).

[7] *Descamps v. United States*, 133 S. Ct. 2276, 2282 (2013).

[8] *United States v. Trent*, 767 F.3d 1046, (10th Cir. 2014) (quoting *Descamp*, 133 S.Ct. at 2286, 2285).

defined in Section 76-1-601; or (b) other means or force likely to produce death or serious bodily injury."[9]

Assault is defined under Utah law as:

(a) an attempt, with unlawful force or violence, to do bodily injury to another;
(b) a threat, accompanied by a show of immediate force or violence, to do bodily injury to another; or
(c) an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another.[10]

The Fifth Circuit Court of Appeals in *Leal-Rax* examined Utah's aggravated assault statute to determine whether it was a crime of violence.[11] As set forth above, Utah's aggravated assault statute requires the commission of an underlying assault. Utah's assault statute may be violated in one of three ways: an attempted assault, a threatened assault, or "an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another."[12] The Fifth Circuit held that because Utah's assault statute could be violated by an act that merely creates a substantial risk of bodily injury to another, it is broader than the scope of the generic definition of assault.[13] The court further found that the assault

---

[9] Utah Code Ann. § 76-5-103(1).

[10] *Id.* § 76-5-102(1).

[11] The version of Utah's aggravated assault statute examined in *Leal-Rax* was slightly different from the version Defendant was charged under. The government had argued that this fact alone distinguishes *Leal-Rax*. However, the Fifth Circuit's reasoning is based primarily on its interpretation of Utah's assault statute, which is incorporated into Utah's aggravated assault statute. *See United States v. Leal-Rax*, 2014 WL 6844927, at *4–5. The assault statute considered by the Fifth Circuit has not been amended. Therefore, *Leal-Rax* is not distinguishable on this ground.

[12] Utah Code Ann. § 76-5-102(1).

[13] *Leal-Rax*, 2014 WL 6844927, at *4–5.

statute did not necessarily have as an element, "'the use, attempted use, or threatened use of physical force against the person of another.'"[14]

The court stated:

> An assault under the plain terms of § 76-5-102(1)(c) may include either "an act, committed with unlawful force or violence" that *either* "causes bodily injury to another *or* creates a substantial risk of bodily injury to another." Although the statute requires that "force or violence" be used, the use of the words "force or violence" is not dispositive of whether an offense is a crime of violence. By its plain language, the underlying assault statute does not necessarily require that the unlawful force or violence be directed "against the person of another" for creation of a risk of injury. . . . Because § 76-5-102(1)(c) does not necessarily require the use of physical force against the person of another, we conclude that it cannot be a crime of violence under that test.[15]

Based upon this, the court concluded that the 16-level enhancement was not applicable.

Defendant argues that *Leal-Rax* is directly applicable to this case and that his aggravated assault convictions are not crimes of violence under §2L1.2. Without deciding the issue, the Court can assume for the purposes of this Motion that Utah's aggravated assault statute is not categorically a crime of violence. However, this does not end the inquiry. As Utah's aggravated assault statute and simple assault statute are both divisible and, under *Leal-Rax*, those statutes cover both violent and non-violent crimes, the Court may employ the modified categorical approach. Both parties appear to agree that the Court should apply the modified categorical approach, though they disagree as to the conclusion reached using that approach.

As set forth above, under the modified categorical approach, the Court can consider various documents to determine whether Defendant's aggravated assault convictions warrant an

---

[14] *Id.* at *5 (quoting USSG § 2L1.2, comment n.1(B)(iii)).

[15] *Id.*

6

enhancement. The parties have presented two types of documents for the Court's review: the charging documents and the plea agreements.

A review of the charging documents does not conclusively resolve this issue. The charging documents merely restate the language of the aggravated assault statute without identifying which portion of that statute or the assault statute Defendant was alleged to have violated.[16]

The Court turns next to the plea agreements. Each of the plea agreements contains a section detailing the elements of the crime to which Defendant pleaded guilty. In one, Defendant states: "On March 26, 2011, I intentionally caused physical injury to another person, and the act was done in concert with two or more persons, one of which used a dangerous weapon."[17] In the other, Defendant states: "On March 25, Defendant intentionally caused physical injury to another person, and defendant had a prior domestic violence conviction within 5 years, my actions were likely to cause serious bodily injury."[18]

These documents make clear what provision of the aggravated assault statute Defendant was charged with and ultimately pleaded guilty to violating. In the first instance, Defendant pleaded guilty to the dangerous weapon provision of the aggravated assault statute, while in the

---

[16] The charging documents do contain affidavits of probable cause. There is some support in the Tenth Circuit for the proposition that the Court could consider those probable cause statements to the extent they are incorporated into the charging document. *See United States v. Wright*, 567 F. App'x 564, 568–70 (10th Cir. 2014). However, even excluding consideration of the probable cause statements, Defendant's aggravated assault convictions are crimes of violence for the reasons stated herein.

[17] Docket No. 20 Ex. 4.

[18] *Id.* Ex. 5.

second he pleaded guilty to serious bodily injury provision.  Thus, the question becomes what provision of the assault statute is at issue.

Defendant argues that it is not clear what provision of the assault statute is at issue because in both instances Defendant admitted that he "intentionally caused physical injury to another person."  Defendant argues that this language is not in the statute and, therefore, the Court cannot determine which provision of the assault statute Defendant violated.  The Court disagrees.

The assault statute contains three subsections: an attempt, with unlawful force or violence, to do bodily injury to another; a threat, accompanied by a show of immediate force or violence, to do bodily injury to another; or an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another.[19]

A review of the plea documents reveals no attempts or threats.  This leaves only the final subsection of Utah Code Ann. § 76-5-102(1) concerning "an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another."  This subsection is further divisible, allowing for a conviction for an act, committed with unlawful force or violence, that causes bodily injury to another *or* an act, committed with unlawful force or violence, that creates a substantial risk of bodily injury to another.  It is only this final option—an act, committed with unlawful force or violence, that creates a substantial risk of bodily injury to another—that would not be considered a crime of violence under the reasoning set out in *Leal-Rax*.

---

[19] Utah Code Ann. § 76-5-102(1).

In both plea agreements, Defendant admits that he "intentionally caused physical injury to another person." Defendant is correct that the statute does not refer to "physical injury," but rather to "bodily injury." However, the slight difference between the language of the statute and the language of the plea agreement is irrelevant. "Bodily injury" is defined as "physical damage to a person's body" and is also termed "physical injury."[20] By admitting that he caused physical injury, Defendant admitted that he caused bodily injury to another person. Thus, based on the language of the plea agreements, the Court can conclude that Defendant admitted to violating Utah Code Ann. § 76-5-102(1)(c), and more specifically that portion of that subsection requiring an act that causes bodily injury to another.

Moreover, what is evident from the plea agreement is what Defendant did not plead guilty to, namely an act that merely creates a substantial risk of bodily injury to another. It was this portion of Utah Code Ann. § 76-5-102(1)(c) upon which the Fifth Circuit relied in determining that Utah's aggravated assault statute was not a crime of violence in *Leal-Rax*. Based upon the plea documents, the Court concludes that that provision of the statute is not at issue here.

Defendant also seems to argue that Defendant's prior convictions should not be considered crimes of violence because the statute allows for convictions based on reckless conduct.[21] This argument is similarly resolved using the modified categorical approach. In both plea agreements, Defendant admitted that he acted intentionally. Thus, even if Utah law allows for a lesser mental state, Defendant admitted that he acted intentionally.

---

[20] BLACK'S LAW DICTIONARY 906 (10th ed. 2014).

[21] *See* Utah Code Ann. § 76-2-102.

9

Having determined which portion of the aggravated assault statute and which portion of the simple assault statute Defendant pleaded guilty to, as well as the relevant mental state, the Court finds that Defendant's convictions for aggravated assault are crimes of violence. This is true regardless of whether Defendant's convictions are evaluated under the enumerated offense or "as an element" provisions of USSG § 2L1.2. Therefore, the 16-level enhancement was properly applied in this case and Defendant's Motion must be denied.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Reconsideration and Correction of Sentence (Docket No. 20) is DENIED.

The hearing set for February 13, 2015, is STRICKEN.

DATED this 11th day of February, 2015.

BY THE COURT:

Ted Stewart
United States District Judge